Exhibit A-2



AFFIDAVIT OF INABILITY TO PAY

chg 268 304.
2 cit 2TRO ¢ Not
1 HEB 24 2012 W
1 # ′

Cause No. 12-02009

FILED
2012 FEB 23 AM 8: 24
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO., TEX
BY_____ DEPUTY
SANDRA L_____

| | | |
|---|---|---|
| **Randal Tye Thomas** | § | In the District Court |
| | § | |
| *Plaintiff* | § | |
| | § | **192nd-K** |
| v. | § | _____ Judicial District |
| | § | |
| **Chex Systems, Inc.,** and | § | |
| **LexisNexis Risk Solutions Bureau, LLC** | § | |
| | § | |
| *Defendants* | § | Dallas County, Texas |

<u>**Plaintiff's Original Petition and Application for Ex Parte**</u>
<u>**Temporary Restraining Order, Temporary and Permanent Injunction**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

      COMES NOW, Plaintiff, **Randal Tye Thomas**, and complains of and files this Original Petition and Application for an Ex Parte Temporary Restraining Order, Temporary and Permanent Injunction, complaining of and against **CHEX SYSTEMS, INC.**, a Minnesota Corporation, and **LEXISNEXIS RISK SOLUTIONS BUREAU, LLC,** Delaware Limited Liability Company. In support thereof, Plaintiff respectfully shows unto the Court the following:

<u>**Discovery Control Plan**</u>

      Discovery is intended to be conducted under a Level 2 discovery plan, pursuant to Texas Rules of Civil Procedure 190.

<u>**Defendants**</u>

1. Defendant **<u>CHEX SYSTEMS, INC.</u>** is a Minnesota Corporation established in 2008 and maintains offices primarily located at 7805 Hudson Road – Suite 100 – Woodbury,

Washington County, Minnesota 55125. The company regularly conducts business in Dallas County, Texas. However, according to the Minnesota Secretary of State, the Registered Agent for this Defendant is **CT CORPORATION SYSTEM, INC.** and the Registered Office Address is **100 South 5th Street #1075, Minneapolis, Hennepin County, Minnesota 55402**. **The phone number listed for the Registered Agent is (612) 333-4315.** The Defendant should be served with process at this address.

2. Defendant **LEXISNEXIS RISK SOLUTIONS BUREAU, LLC** is a Delaware Limited Liability Company with a principal place of business listed as 1000 Alderman Drive, Alpharetta, Fulton County, Georgia 30005. The company regularly conducts business in Dallas County, Texas. However, according to the Texas Secretary of State, where the Defendant registered on January 13, 2010 as a foreign Limited Liability Company, the Registered Agent for this Defendant is **CT CORPORATION SYSTEM** and the Registered Office Address is **350 North St. Paul Street – Suite 2900, Dallas, Dallas County, Texas 75201. The phone number listed for the Registered Agent is (214) 979-1172.** The Defendant should be served with process at this address.

## Plaintiff

The Plaintiff is an individual named **Randal Tye Thomas**. He resides at **1330 Eastern Heights Drive, Mesquite, Dallas County, Texas 75149**. The Plaintiff is representing himself *pro se* in this cause. All correspondence or documents intended for the Plaintiff should be delivered to the address listed herein, emailed to tyethomas@gmail.com, or faxed to **(214) 341-8479**. He can be reached by telephone at **(214) 299-0693**.

## Venue

Venue of this action lies in Dallas County, Texas pursuant to Section 15.002 of the Texas Civil Practices and Remedy Code, as the causes of action giving rise to this action occurred in Mesquite, Dallas County, Texas and/or because the Defendants are doing business in Dallas County, Texas. Moreover, the Plaintiff is a long-time resident of Dallas County, Texas.

### Notice Before Suit Not Given

The Plaintiff has good cause to believe that immediate and irreparable injury, loss, or damage will continue to occur as a result of a delay in obtaining a temporary restraining order to enjoin Defendants from continued violations as stated in this petition. If Defendants are not immediately restrained, they will continue to engage in deceptive acts and thereby continue to cause immediate and irreparable injury, loss, or damage to the Plaintiff. As such, the Plaintiff filed this lawsuit without notice to the Defendants, as authorized by law.

### Acts of Agents

When it is alleged that the Defendants did any act, it is meant that the Defendants performed or participated in the act, or Defendants' officers, agents, or employees performed or participated in the act on behalf of and under the authority of the Defendants.

### Additional Details of Defendants

Defendants, **CHEX SYSTEMS, INC.** and **LEXISNEXIS RISK SOLUTIONS BUREAU, LLC** are "consumer credit reporting agencies" within the meaning of the **Fair Credit Reporting Act** (FCRA), 15 U.S.C. § 1681a(f). The Defendants regularly engage in the business of assembling, evaluating, and disbursing, information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681 a(d), to third parties.

Defendant **CHEX SYSTEMS, INC.** essentially is in the business of providing consumer reports to banking institutions throughout the United States regarding the alleged conduct, experiences, and history consumers have had in the manner in which that have handled their checking accounts. This information is provided (sold) by the Defendant to banks and credit unions in every state. The information provided in these reports is often vague, ambiguous, and inaccurate.

Defendant **LEXISNEXIS RISK SOLUTIONS BUREAU, LLC** basically provides "alternative" credit data including, but not limited to, address stability, home ownership, loan inquiries, property values, licensing, education history, personal income, criminal records, bankruptcies, liens, judgments, and evictions. This information is provided (sold) to banks, credit card companies, retail and auto lenders, short-term lenders, utility providers, and any other company who extends credit to consumers. The Defendant is one of many companies under the umbrella of a company called **REED ELSEVIER PROPERTIES, INC.**

### Specific Factual Allegations

On November 30, 2011, the Plaintiff received a copy of his consumer report in the mail from Defendant **CHEX SYSTEMS, INC.** As he studied it carefully, he noticed that there was a section of the consumer report he had never noticed before, simply titled "Additional Information". The Plaintiff was shocked to learn that this section – which he had never seen in a previous report – indicated that the Defendant was reporting he had **six derogatory records**, although the report did not list what those records were specifically, as required by the **Fair Credit Reporting Act**. It also reported that he had **two liens**, **one felony conviction**, and **two evictions** – also without any explanation of any kind or specific details. (See Exhibit "A" for a copy of this report). These are all false and as a result of their reckless behavior, the Defendants have violated § 391.002 of the **Texas Finance Code** as well as the **Fair Credit Reporting Act** (FCRA).

Reported with this derogatory information, it clearly stated that the source of the information was Defendant **LEXISNEXIS RISK SOLUTIONS BUREAU, LLC** and it gave instructions on how to dispute any of the information contained therein. It also reported that the information was received on **11/29/2011**.

Stunned, baffled, and confused, and suffering from severe anxiety, approximately two days later, the Plaintiff drafted a two-page letter to Defendant **CHEX SYSTEMS, INC.** in accordance with the **Fair Credit Reporting Act**. He mailed this letter via U.S.P.S. Certified

Mail – Return Receipt Requested. He also faxed a copy a few days later. (See Exhibit "B" for a copy of this letter).

In this letter, the Plaintiff demanded – in accordance with his rights under the **Fair Credit Reporting Act** (FCRA) and the **Texas Finance Code** – to know exactly what these "derogatory records" were. The Plaintiff also demanded details about these alleged liens, and demanded to know what properties he had been evicted from. Moreover, the Plaintiff **strongly asserted that he had never been convicted of a felony and demanded that this information be investigated and deleted immediately**. The Plaintiff demanded specific details of all records. He ended the letter by warning them that if they did not respond with significant details of these erroneous records, his next step would be litigation.

The Plaintiff sent a copy of the letter to the Federal Trade Commission, the Minnesota Department of Commerce – Consumer Protection Division, the Better Business Bureau of Minnesota, and the Attorney General of Minnesota. **The Attorney General of Minnesota responded promptly and according to her letter, this matter is under investigation by her office.**

Plaintiff **Randal Tye Thomas** tried to open a checking and savings account with **Corporate America Family Credit Union** in Irving, Texas, but instead received a denial letter dated November 29, 2011 stating that he was not approved, based on information found in his **CHEX SYSTEMS, INC.** consumer report. Plaintiff had no negative banking history or records on his **CHEX SYSTEMS, INC.** report, and the only negative information was what was reported in the "Additional Information" box, data provided directly by Defendant **LEXISNEXIS RISK SOLUTIONS BUREAU, LLC.** Plaintiff called the credit union immediately and spoke to a customer service representative and asked her why he was denied an account. **She replied by stating the credit union does not open accounts for anyone with a reported felony conviction.**

On **December 7, 2011**, the Plaintiff received yet another consumer report from Defendant **CHEX SYSTEMS, INC.** and it continued to report this derogatory information.. The

Plaintiff used the same letter from December 4, 2011, changed the date, and faxed it to Defendant **CHEX SYSTEMS, INC.** The report indicated that the derogatory information had been updated, however, on **December 5, 2011,** leading the Plaintiff to conclude that Defendant **CHEX SYSTEMS, INC.** is receiving regular updates of data from Defendant **LEXISNEXIS RISK SOLUTIONS BUREAU, LLC.**

In an unrelated matter, on **December 12, 2011,** Plaintiff mailed a letter to Defendant **CHEX SYSTEMS, INC.** in regards to their failure to timely respond to his dispute that was mailed on **October 11, 2011.** According to the **Fair Credit Reporting Act,** § 616 (1)(a), the Plaintiff is entitled to a payment of **One Thousand Dollars ($1,000.00)** due to the non-compliance of Defendant **CHEX SYSTEMS, INC.**

The Plaintiff received a letter from Defendant **CHEX SYSTEMS, INC.** dated **December 15, 2011,** acknowledging his dispute about the "Additional Information submitted by "Lexis-Nexis Risk Solution Bureau LLC" and stated it was in the process of being investigated. Furthermore, Defendant informed the Plaintiff that they were still in the process of investigating his dispute from two months ago, when the **Fair Credit Reporting Act** clearly allows thirty days to investigate and report back with their findings.

The Plaintiff received yet another report from Defendant **CHEX SYSTEMS, INC.** on **December 27, 2011,** and to his surprise, all of the negative records in the "Additional Information" box had been **cleared** – with a specific notation of *"Updated on 12/16/2011"*. It suddenly showed zero derogatory records, zero liens, zero felony convictions, and zero evictions, and it indicated that the data was received on **12/12/2011.**

The Plaintiff continued receiving reports showing the "additional information" box being clear of all negative records. These reports were dated **January 3, 2012, January 6, 2012, January 9, 2012,** and again on **January 9, 2012.**

The Plaintiff was happy and thought the problem was solved. Then, he received yet another consumer report from the Defendant **CHEX SYSTEMS, INC.** dated **January 11, 2012,**

and **all of the negative information associated with the "additional information" box had been re-inserted into the report.** The **Fair Credit Reporting Act** § 611 (a)(5)(b) requires a consumer reporting agency to notify the consumer within five (5) days if they are re-inserting negative information. Furthermore, § 611 (b)(i) also requires the consumer reporting agency to obtain a *"Certification of Accuracy of Information"* before re-inserting any negative information.

The Plaintiff did not receive a letter or any notice whatsoever − as specifically required by the **Fair and Accurate Credit Transactions Act** (FACTA) − notifying him that the negative information would be re-inserted into his file. The Plaintiff never received any type of certification of accuracy stating that the information was accurate.

As of the date of the filing of this petition, the most recent report from Defendant **CHEX SYSTEMS, INC.** is dated **January 25, 2012,** and all of the negative information associated with the "additional information" box and Defendant **LEXISNEXIS RISK SOLUTIONS BUREAU, LLC,** remains on the Plaintiff's consumer report.

Defendants **CHEX SYSTEMS, INC.** and **LEXISNEXIS RISK SOLUTIONS BUREAU, LLC** have acted with malice, disregard, and exhibited egregious behavior. These Defendants are responsible for all of this and should be ordered to compensate the Plaintiff for his stress, humiliation, feelings of worthlessness, depression, and defilation of his character.

<u>**Causes of Action**</u>

**1. FRAUDULENT MISREPRESENTATION**

The Defendants made numerous misrepresentations of facts in writing to interested parties about the Plaintiff. **The number of banks and credit unions that have reviewed this report with the fraudulent personal information included is countless.**

The Defendants made material misrepresentations, which were false, and which were either known to be false when made or were asserted without knowledge of the truth, which were intended to be acted upon, which were relied upon, and which caused injury.

The Plaintiff relied on the Defendants to do what was reasonable under all of the circumstances and the Plaintiff sustained severe damages as a result of the intentional misrepresentations of the Defendants.

## 2. NEGLIGENCE

Defendants **CHEX SYSTEMS, INC.** and **LEXISNEXIS RISK SOLUTIONS BUREAU, LLC** had the existence of a legal duty to the Plaintiff – by way of Federal Law and State Law, and they clearly breached that duty by disseminating these consumer reports to countless financial institutions while knowing that it contained very damaging information about the Plaintiff, and damages were proximately caused by the breach. *See D. Houston, Inc. v. Love,* 92 S.W.3d 450, 454 (Tex. 2002).

Furthermore, Plaintiff was clearly injured by the reckless and intentional actions of the Defendants by not only being declined for opening an account at a credit union, but also by causing him extreme emotional stress and many other psychiatric-related problems.

## 3. BREACH OF FIDICIUARY DUTY

There is an informal fiduciary relationship between the Plaintiff and Defendants, and the Defendants breached their fiduciary duty to the Plaintiff, and the Defendant's breach proximately caused injury to the Plaintiff or benefit to the Defendant. See *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex.App. - Dallas 2006, pet. denied).

While these relationships were informal, the definition of a fiduciary relationship is where one person places complete confidence in another person or entity in regard to a particular transaction or ongoing transactions or one's general affairs or business.

Defendant **CHEX SYSTEMS, INC.** violated this confidence by reporting erroneous information without first verifying its accuracy, then deleting it from the file, and then immediately re-inserting it without notifying the Plaintiff as required by Federal Law.

Defendant **LEXISNEXIS RISK SOLUTIONS BUREAU, LLC** violated this confidence by reporting erroneous, embarrassing, and potentially character damaging information without first verifying its accuracy.

## 4. DEFAMATION OF CHARACTER

Defendant's recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning the Plaintiff with reckless disregard for the truth of the matters asserted.

Defendant's publishing of such false and inaccurate information has severely damaged the personal and consumer reputation of the Plaintiff and caused severe humiliation, emotional distress and mental anguish to the Plaintiff.

The Defendants were promptly notified of the inaccuracies and problems by the Plaintiff; however, the Defendants continued to issue and/or publish report(s) to third parties, which contained inaccurate and derogatory information about the Plaintiff. Furthermore, the Defendants acted with willful intent and malice to harm the Plaintiff.

## 5. FRAUD

The Defendants made a material misrepresentation that they knew was false when they made it or they **made the representation recklessly without any knowledge of its truth and as a positive assertion** with the intent that other parties act upon it and other parties did act on the reliance of the misrepresentation and as a result, the Plaintiff suffered injury thereby. These actions constitute the cause of action known as Fraud. *Italian Cowboy*, 341 S.W.3d at 337.

A representation is material if *"a reasonable person would attach importance to [it] and would be induced to act on the information in determining his choice of actions in the transaction in question."* *Italian Cowboy*, 341 S.W.3d at 337.

## 6.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The Defendants acted intentionally and recklessly by publishing information about the Plaintiff that is not only false, but also extremely prejudicial in nature.  Their conduct was extreme and outrageous.  The acts of the Defendants caused the Plaintiff to suffer emotional distress, and the emotional distress suffered by the Plaintiff was extreme.

Since learning of these erroneous records being reported and published, Plaintiff **Randal Tye Thomas** has suffered from **panic attacks, severe anxiety, stomach problems, crying spells, headaches, worry, shame, anger, depression, hopelessness, excessive worry** and **fear.** The Plaintiff has regularly seen a psychiatrist for years and has recently asked said psychiatrist for additional anxiety medication for relief of multiple symptoms directly regarding the issues addressed in this petition.

## 7.  ADDITIONAL ALLEGATIONS

The above and foregoing actions, inactions and fault of the Defendants, as to each and every count, have proximately caused a wide variety of damages to the Plaintiff.

The Defendants are liable unto the Plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, property damage, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney fees, court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

## Trial By Jury

Plaintiff requests a jury trial and tenders the appropriate fee.

## APPLICATION FOR EX PARTE TEMPORARY RESTRAINING ORDER, TEMPORARY AND PERMANENT INJUNCTIONS

Because the Defendants have engaged in the unlawful acts and practices described above, Defendants have violated and will continue to violate the laws of the United States of America and of The State of Texas as alleged in this Petition.

**Unless enjoined by this Honorable Court, the Defendants will continue to report inaccurate, damaging, disparaging, harmful, deceptive, and destructive information about consumers, including the Plaintiff.** Therefore, the Plaintiff requests that an Ex Parte Temporary Restraining Order, Temporary Injunction, and Permanent Injunction be issued.

## Prayer

**WHEREFORE**, Plaintiff **Randal Tye Thomas** prays that this Court review and hear testimony and sign the attached **Ex Parte Temporary Restraining Order** immediately – not only to protect himself, but also to protect other innocent consumers who could be at risk. **The Plaintiff is willing to post a reasonable bond.** The Plaintiff asks that this Court order that the Defendants immediately be restrained from engaging in the following acts or practices:

1. Reporting on any consumer report or to any individual or company – including a ChexSystems consumer report – any information regarding how long the Plaintiff has lived at his current residence or how many address changes he has submitted, and;

2. Reporting on any consumer report or to any individual or company – including a ChexSystems consumer report – any information regarding how many properties the Plaintiff may or may not own, and;

3. Reporting on any consumer report or to any individual or company – including a ChexSystems consumer report – any information regarding the presumed wealth of the Plaintiff, and;

4. Reporting on any consumer report or to any individual or company – including a ChexSystems consumer report – any information regarding any "non-derogatory records" about the Plaintiff, and;

5. Reporting on any consumer report or to any individual or company – including a ChexSystems consumer report – any information regarding any "derogatory public records" about the Plaintiff, and;

6. Reporting on any consumer report or to any individual or company – including a ChexSystems consumer report – any information regarding how much time has passed since any "derogatory public records" allegedly occurred that involved the Plaintiff, and;

7. Reporting on any consumer report or to any individual or company – including a ChexSystems consumer report – any information regarding and lien records or records of released liens involving the Plaintiff, and;

8. Reporting on any consumer report – including a ChexSystems consumer report – any information regarding the total number of bankruptcy filings of the Plaintiff, and;

9. **Reporting on any consumer report or to any individual or company – including a ChexSystems consumer report – any information regarding the "total number of felonies" allegedly committed by the Plaintiff as well as the number of months since the last alleged felony conviction, and;**

10. Reporting on any consumer report or to any individual or company – including a ChexSystems consumer report – any information regarding the "total number of evictions" that the Plaintiff has allegedly been subject to as well as the number of months since the last alleged eviction, and;

Plaintiff further requests that the Defendants be cited according to law to appear and answer herein; that after due notice to Defendants and a hearing is held, that a **TEMPORARY INJUNCTION** be issued, and that upon a final trial on this cause, a **PERMANENT INJUNCTION** be issued, restraining and enjoining Defendants, their successors, assigns, officers, agents, servants, employees, and attorneys and any other person in active concert or participation with Defendants from engaging in the following acts or practices or making representations including:

1. Violating any provision of the **Fair Credit Reporting Act** (FCRA), and;

2. Violating any provision of the **Fair Debt Collections Practices Act** (FDCPA), and;

3. Violating any provision of the **Fair and Accurate Credit Transactions Act** (FACTA), and;

4. Refusing to follow reasonable procedures to assure maximum possible accuracy of the information it reports to its consumers, and;

5. Failing to conduct a reasonable and thorough investigation for each and every dispute received from a consumer and reporting back promptly with a clear and concise explanation for the decision that is made, and;

6. Plaintiff asks that this Court <u>ORDER</u> **CHEX SYSTEMS, INC.** to immediately cease and desist from including the "additional information" section with data from **LEXISNEXIS**

RISK SOLUTIONS BUREAU, LLC on all of its consumer reports until such time the data can be verified as accurate by an independent and reliable source, and;

7. Plaintiff asks that this Court ORDER LEXISNEXIS RISK SOLUTIONS BUREAU, LLC to immediately stop selling information from its databases until it can conduct a thorough internal investigation on the validity and accuracy of all records and have independent and trusted verification said accuracy.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Randal Tye Thomas prays for all relief to which he may be justly entitled to against the Defendants and each of them as follows:

That there be Judgment herein in favor of the Plaintiff, Randal Tye Thomas and against the Defendants, CHEX SYSTEMS, INC. and LEXISNEXIS RISK SOLUTIONS BUREAU, LLC, for all reasonable damages sustained by the Plaintiff, including, but not limited to, statutory damages, compensatory damages associated with the costs of out-of-pocket expenses, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, aggravation, credit related damages, credit denials, property damage, and for punitive damages, attorney fees, costs incurred, court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid in full, and specifically for the following:

1. For Injunctive Relief, and;

2. For Declaratory Relief, and;

3. For Actual Damages, not to exceed Ten Thousand Dollars ($10,000), and;

4. For Statutory Damages, not to exceed Fifty Thousand Dollars ($50,000), and;

5.  For Punitive Damages, not to exceed **Two Hundred Thousand Dollars ($200,000)**, and;

6.  For all Costs of Court, and;

7.  Adjudge that both Defendants are jointly and severally liable for all fines, penalties, restitution, and costs of court, and;

8.  For such other and further relief as the Court deems just and proper.

Respectfully Submitted,

_____
Randal Tye Thomas
Plaintiff *pro se*

**Plaintiff's Contact Information:**

1330 Eastern Heights Drive
Mesquite, Texas 75149

(214) 299-0693 Telephone
(214) 341-8479 Facsimile

tyethomas@gmail.com

## VERIFICATION

| | |
|---|---|
| **THE STATE OF TEXAS** | § |
| | § |
| **COUNTY OF DALLAS** | § |

Before me, the undersigned Notary Public, on this the 22nd day of February 2012 personally appeared **Randal Tye Thomas**, who, after being duly sworn, stated under oath that he has read the above petition, and that every statement contained in the petition and the attachments and exhibits are true and correct and within his personal knowledge.



Randal Tye Thomas

**SUBSCRIBED TO** and **SWORN TO** before me, on the 22nd day of February 2012 to certify which witness my hand and official seal.

WESLEY TODD GREGORY
Notary Public, State of Texas
My Commission Expires
November 17, 2015

_____
Notary Public, State of Texas

November 17, 2015
_____
My Commission Expires

## AFFIDAVIT OF RANDAL TYE THOMAS

THE STATE OF TEXAS     §
                                §

COUNTY OF DALLAS     §

My name is **RANDAL TYE THOMAS** and I am 33 years of age and otherwise competent to make this Affidavit. The information and events described in this Affidavit are true and correct.

> "**I have never been convicted of a felony**, and;
>
> "**I have never filed for bankruptcy, and;**
>
> "**The only lien I have against me is a Federal Tax Lien from 2004, and;**
>
> "**I do not recall ever being forcibly evicted from any property that I have rented, and;**
>
> "**I do not recall reporting two address changes to USPS in the last twelve months, and;**
>
> "**I do not recall reporting four address changes to USPS in the last sixty months.**"

**FURTHER AFFIANT SAYETH NOT.**

Randal Tye Thomas

THE STATE OF TEXAS

COUNTY OF DALLAS

On February 22, 2012, **Randal Tye Thomas** personally appeared before me, the undersigned notary. After being duly sworn, he stated that he is qualified to make this oath, and that he has personal knowledge of the facts asserted, and the facts asserted are true to the best of his knowledge and belief.

**SUBSCRIBED** and **SWORN TO** before me on February 22, 2012.

WESLEY TODD GREGORY
Notary Public, State of Texas
My Commission Expires
November 17, 2015

Notary Public in and for the State of Texas

My Commission Expires: _November 17, 2015_